```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

                             ----oo0oo----
```

JON-CORY SCHMIDT

        Plaintiffs,

  v.

COUNTY OF NEVADA; NEVADA COUNTY SHERIFF'S OFFICE; JAMES BENNETT,

        Defendants.

NO. 2:10-CV-03022 FCD/EFB

MEMORANDUM AND ORDER

```
                             ----oo0oo----
```

This matter is before the court on plaintiff Jon-Cory Schmidt's ("plaintiff") motion to remand to the California Superior Court for the County of Nevada, and for costs and attorneys fees.[1] Defendants County of Nevada ("Nevada County"), Nevada County Sheriff's Office ("Sheriff's Office"), and James Bennet ("Bennett") (collectively, "defendants") oppose the

---

[1] Since the court denies plaintiff's motion to remand, it does not reach the merits of plaintiff's request for costs and attorney fees.

1

motion.  For the reasons set forth below,[2] plaintiff's motion to remand is DENIED.

## BACKGROUND

On October 12, 2010, plaintiff filed a complaint in California Superior Court, Nevada County, for (1) unlawful detention of personal property (2) declaratory relief (3) violation of equal protection rights (4) deprivation of constitutional rights pursuant to 42 U.S.C. § 1983 and (5) conversion of personal property against defendants.  (Pl.'s Compl. ["Compl."], filed Oct. 12, 2010, [Docket #1], Ex. A.) Plaintiff personally served the complaint on Nevada County and the Sheriff's Office on October 15, 2010.  (Def.'s Opp'n to Mot. to Remand ["Opp'n"], filed Jan. 14, 2011, [Docket #16], at 4:13-14.)  Nevada County and the Sheriff's Office then timely removed the action to the court on November 8, 2010, on the basis that plaintiff's complaint raised a federal question. (Def.'s Not. of Removal ["NOR"], filed Nov. 8, 2010, [Docket #1].)  On November 30, 2010, Bennett executed a waiver of service. (Waiver of Service, filed Dec. 7, 2010, [Docket #12].)  Bennet subsequently filed a joinder in the notice of removal on December 21, 2010.  (Def.'s Joinder in Not. of Removal, filed Dec. 21, 2010, [Docket #13].)

In the underlying complaint, plaintiff alleges that defendants violated his constitutional rights by depriving him, without due process of law, of eighty immature marijuana plants

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

that plaintiff asserts he lawfully possessed pursuant to California's Compassionate Use Act. (Compl. ¶¶ 10-16.) Plaintiff contends that defendants "have illegally seized such medical marijuana through unlawful seizure, confiscation, and impoundment." (Compl. ¶ 22.) Finally, plaintiff alleges defendants "made unreasonable and illegal searches and seizures . . . and deprived plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution." (Compl. ¶ 11.) On December 3, 2010, plaintiff filed a notice of motion to remand to California Superior Court, Nevada County. (Pl.'s Mot. Remand, filed Dec. 3rd, 2010, [Docket # 11].)

**STANDARD**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" in which the action is pending. 28 U.S.C. § 1441(a). A civil case may be removed to federal court when the district court has original federal question jurisdiction. Id. § 1441(b).

The party invoking removal bears the burden of establishing federal jurisdiction. See Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mutual Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)). Removal is proper where plaintiff's complaint, on its face, asserts claims created by federal law or where a substantial federal issue of

law exists. Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808-10 (1986).

## ANALYSIS

Plaintiffs complaint expressly asserts federal claims brought pursuant to 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments. (Compl. ¶¶ 12-13, 30-33.) Notwithstanding the federal claims pleaded in the complaint, plaintiff contends that the matter should be remanded to the Superior Court, County of Nevada, because: (1) the notice of removal is defective under 28 U.S.C. § 1446(b) as it is untimely and all named defendants have not joined in the removal; (2) defendants failed to timely file a response to the initial pleading; (3) the court does not have original jurisdiction over the first, second and fourth claims, which predominate over the federal claims; and (4) the court should abstain from exercising jurisdiction under Burford v. Sun Oil Co., 319 U.S. 315 (1943).

**A. Timely Removal and Joinder of all Named Defendants**

Plaintiff alleges that this matter must be remanded because the notice of removal was untimely and all of the named defendants have not joined the removal. Specifically, plaintiff contends that defendant James Brennan, who was a party to the state court action, has failed to join the removal. (Pl.'s Memorandum in Support of Mot. Remand ["MTR"], filed Jan. 12, 2011, [Docket # 15], at 5:10-12.). Moreover, plaintiff contends that, pursuant to 28 U.S.C. § 1446(b), the matter must be remanded because Bennett failed to join the removal within thirty days after plaintiff originally served the complaint on Nevada County and the Sheriff's Office. (Id. at 5:18-6:8.)

1    28 U.S.C. § 1446 requires that all defendants join or
2 consent to the notice of removal. Hewitt v. City of Stanton, 798
3 F.2d 1230, 1233 (9th Cir. 1986). Moreover, the defendant
4 removing a state action to federal court must file the notice of
5 removal within thirty days of receiving "a copy of the initial
6 pleading setting forth the claim for relief upon which [the]
7 action or proceeding is based . . . ." Id. § 1446(b). The Ninth
8 Circuit, along with four others circuits,[3] has adopted the "later-
9 served defendant rule." See Destfino v. Reiswig, ___ F.3d ___
10 2011 WL 182241, *3 (9th Cir. 2011). Under this rule, each
11 defendant has thirty days to remove a state action to federal
12 court after it is brought into the case, if there is a basis for
13 federal subject matter jurisdiction. Id. at *2. "A contrary
14 rule could deprive some defendants of a right to a federal forum
15 because they were served too late to exercise that right . . . ."
16 Id.
17    In this case, all defendants timely filed and joined in the
18 notice of removal. First, contrary to plaintiff's contention,
19 Bennet properly joined the notice of removal on December 21,

---

[3] The Fourth, Sixth, Eighth and Eleventh Circuits have also adopted the later-served defendant rule. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1206 (11th Cir. 2008); Marano Enters. of Kan v. Z-Teca Rests., L.P, 254 F.3d 753, 755 (8th Cir. 2008); McKinney v. Bd. of Tr. of Mayland Cmty. College, 955 F.2d 924, 926 n.3 (4th Cir. 1992) ("the 30-day time period for removing the action to federal court began to run with respect to each individual trustee when that trustee was served."); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999). Only one circuit conclusively continues to apply the first-served defendant rule in the context of remand. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served.").

5

1  2010.  (Def.'s Joinder Not. of Removal, filed December 21, 2010
2  [Docket # 13].)  Second, both Nevada County and the Sheriff's
3  Office removed the action within 30 days of being served with the
4  complaint.  (Opp'n at 4:16-20.)  Bennet also joined the notice of
5  removal on December 21, 2010, after executing a waiver of service
6  on November 30, 2010, within the prescribed thirty-day time
7  limit.  (Id.)  Therefore, each defendant joined the notice of
8  removal within thirty days of joining the case in compliance with
9  28 U.S.C. § 1446.

**B.   Failure to Timely Respond to the Initial Pleading**

Plaintiff next alleges that defendants' failure to provide a timely response to plaintiff's initial pleadings renders the notice of removal void.  (MTR at 6:10-21.)  Specifically, plaintiff contends that, since defendants failed to comply with Federal Rule of Civil Procedure 81, the court must remand the matter to the state court in which the matter originated.  (MTR at 6:9-22.)

The Federal Rules of Civil Procedure require a defendant that "did not answer prior to removal [to] answer or present other defenses . . . [within] 21 days after receiving — through service or otherwise — a copy of the initial pleading stating the claim for relief."  Fed. R. Civ. P. 81(c)(2).  However, neither Rule 81, nor any other rule, provides that failure to timely respond to a pleading results in remand of a case to state court.

Indeed, plaintiff cites no authority to support his novel assertion.  Plaintiff's reliance on Stock Yards Bank v. Nat'l Surety Corp., 42 F. Supp. 10 (W.D. Ky. 1941) is misplaced.  In Stock Yards, the court remanded the case to state court because

1  there was no federal question jurisdiction and the parties lacked
2  diversity.  Stock Yards, 42 F. Supp. at 12.  The court did not
3  rely on defendants' failure to file a timely answer in remanding
4  the case.  Id.  Unlike Stock Yards, in this case, federal
5  question jurisdiction exists on the face of plaintiff's
6  complaint; namely, plaintiff's federal based claims brought
7  pursuant to 42 U.S.C. § 1983 for alleged violation of the Fourth
8  and Fourteenth Amendments arise "under the Constitution, laws or
9  treaties of the United States."  28 U.S.C. § 1331.

10     Since defendants have established that the court has federal
11 question jurisdiction, any alleged failure to timely file a
12 responsive pleading has no bearing on defendants' right to remove
13 the matter to federal court.

14 **C.   Exercise of Supplemental Jurisdiction**

15     Plaintiff contends that the action should be remanded
16 because "the federal-based claims do not preponderate."[4]  (MTR at
17 6:24-25.)  Specifically, plaintiff contends that the state claw
18 claims predominate in this case because they "outnumber" the
19 federal claims, and thus, the court should decline to exercise
20 supplemental jurisdiction.  (MTR at 7:1-3; 28 U.S.C § 1367(c)(2))

21     Federal district courts may exercise supplemental
22 jurisdiction over state law "claims that are so related to claims
23 in the action within such original jurisdiction that they form
24 part of the same case or controversy . . . ."  28 U.S.C. §
25 1367(a).  However, district courts also have discretion to

---

[4] Plaintiff does not contest that the prerequisites of supplemental jurisdiction are met.  Rather, plaintiff asserts that the court should, in its discretion, decline to exercise supplemental jurisdiction.

"decline to exercise supplemental jurisdiction over a claim . . . [if] the [state law] claim substantially predominates over" the federal claim or claims.  28 U.S.C. § 1367(c)(2).  The discretion set forth in § 1367(c)(2) was intended to be "a limited exception to the doctrine of pendent jurisdiction," which seeks to promote economy by ensuring that one forum resolves all claims arising out of a "common nucleus of operative facts."  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995).  Moreover, "[t]he 'substantially predominate' standard . . . is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts."  Id.  Rather, state law claims will predominate only when "a state claim constitutes the real body of a case, to which the federal claim is only an appendage."  Borough, 45 F.3d at 789 (quoting Gibbs v. United Mine Workers, 383 U.S. 715, 727 (1966)).

Moreover, when a plaintiff alleges a violation of constitutional rights under 42 U.S.C. § 1983, it is highly unlikely that state law tort claims will substantially predominate.  Borough, 45 F.3d at 790.  In Borough, the plaintiffs brought a federal claim under 42 U.S.C. § 1983, which alleged that defendants conspired to deprive them of their civil rights through harassment and false arrest.  Id. at 783.  Plaintiffs also brought a myriad of corollary state law claims, including negligence, malicious prosecution and assault.  Id.  The court held that, while the state law claims drastically outnumbered the sole federal claim, they did not predominate because they were not the more "important, more complex, more

time consuming to resolve or as significant as their federal counterpart." Id. at 790. The court explained that, in cases implicating the plaintiff's constitutional rights, "it will be the rare case, at least, where the addition of straightforward [state tort] claims based on the same facts as the constitutional claims will cause the state issues to substantially predominate." Id.

In this case, the federal Section 1983 claim is not merely an appendage to plaintiff's state law claim. Instead, as described above, the facts giving rise to both plaintiff's state law claims and plaintiff's constitutional claims are so interrelated that the "advantages of economy and convenience . . . contemplates [concurrent] adjudication of these claims." Hagins v. Lavine, 415 U.S. 528, 546 (1974). see also Miller v. Lovett, 879 F.2d 1066, 1072 (2d Cir. 1989) (holding that it was an *abuse of discretion* to dismiss state law tort claims for assault and negligence arising out of the same incident which the plaintiff alleged constituted a civil rights violation under Section 1983). Therefore, the state law claims do not predominate, and, for purposes of efficiency, the court does not decline to exercise supplemental jurisdiction.

**D.   The Burford Abstention Doctrine Does Not Apply**

Finally, plaintiff claims that, even if federal question jurisdiction exists, the court should abstain from hearing this matter under Burford v. Sun Oil Company because it "involves basic problems of [state] policy." (MTR at 8:3-6.) Specifically, plaintiff contends that this case should be remanded because it implicates an important matter of California

1 policy — California's Compassionate Use Act. (Pl.'s Reply, filed
2 Jan. 21, 2011, [Docket # 17], at 3:8-25.)

3     Under the Burford abstention doctrine, when state court
4 review is available, a federal court sitting in equity must
5 decline to hear the matter if: (1) "there are 'difficult
6 questions of state law bearing on policy problems of substantial
7 public import'"; or (2) "the 'exercise of federal review of the
8 question in a case and in similar cases would be disruptive of
9 state efforts to establish a coherent policy with respect to a
10 matter of substantial public concern.'" New Orleans Pub. Serv.
11 Inc. v. Council of City of New Orleans, 491 U.S. 350, 361
12 (quoting Colorado River Water Conservation Dist. v. United
13 States, 424 U.S. 800, 814 (1976)).  Federal district courts
14 sitting in the Ninth Circuit apply three criterion to determine
15 whether Burford abstention is appropriate: whether (1) the state
16 has concentrated suits challenging state agency actions in
17 particular courts; (2) the federal issues are not easily
18 separable from state issues with which the state courts have
19 special aptitude; and (3) federal involvement may disturb state
20 efforts to establish consistent policy.  Knudsen Corp. v. Nevada
21 State Dairy Comm'n, 676 F.2d 374, 377 (9th Cir. 1982).

22     The Burford abstention doctrine only applies to federal
23 courts "sitting in equity." New Orleans, 491 U.S. at 361.  A
24 federal court should not remand a damages action under Burford,
25 even if abstention would otherwise be appropriate.  Quackenbush
26 v. Allstate Insurance, 517 U.S. 706, 721 (1996).
27 /////
28

As an initial matter, <u>Burford</u> abstention does not apply in this case because the court is not exercising jurisdiction exclusively over claims in equity. Plaintiff seeks $250,000 in damages for the alleged conversion of his property; therefore, since this is an action for damages, this matter cannot be remanded to the state court. (Compl. ¶ 36.)

Further, even if this case was purely an action in equity, <u>Burford</u> abstention would not apply as none of the criteria listed in <u>Knudsen</u> are applicable. First, plaintiff has provided no evidence that California has concentrated suits involving conversion of medical marijuana plants in particular courts. Second, plaintiff's state claims do not involve "difficult questions of state law bearing on policy problems of substantial public import." <u>See</u> <u>Moore v. Regents of Univ. Of Cal.</u>, 51 Cal. 3d 120, 136 (1990). Third, the court's review of this matter will not disturb California's efforts to establish consistent state policy. Accordingly, <u>Burford</u> abstention is wholly inapplicable to this case.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: February 7, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE