UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JON-CORY SCHMIDT

        Plaintiffs,

  v.

COUNTY OF NEVADA; NEVADA COUNTY SHERIFF'S OFFICE; JAMES BENNETT; and DOES 1-20 inclusive,

        Defendants.

NO. 2:10-CV-03022 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendants County of Nevada ("Nevada County"), Nevada County Sheriff's Office ("Sheriff's Office"), and James Bennet ("Bennett") (collectively, "defendants") to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1] Plaintiff Jon-Cory Schmidt ("plaintiff") opposes the motion. For

---

[1] Defendants also moved for a more definitive statement under FRCP 12(b)(6). Because, as set forth below, defendants motion to dismiss is GRANTED, the court does not address the merits of this motion.

1

the reasons set forth below, defendants' motion to dismiss is GRANTED.[2]

**BACKGROUND**

Plaintiff is the owner of a parcel of land located in Nevada County. According to plaintiff, he "and nine other interested parties were in lawful possession of medical cannabis recommendations issued by licensed California Physicians." (Pl.'s Compl. ["Compl."], filed Oct. 12, 2010 [Docket #1], ¶ 14.) "Pursuant to those recommendations, they cultivated a community or collaborative garden" consisting of eighty immature marijuana plants on plaintiff's property. (Id.) Plaintiff alleges that the marijuana plants were legally cultivated in compliance with California Health & Safety Code § 11362.5 *et seq*. (Id.)

In September 2009, defendant Bennet, a Nevada County Sheriff, filed an affidavit with Nevada County Magistrate Judge Catherine Heidelberger for purposes of obtaining a warrant to search the premises of plaintiff's home. (Id. ¶ 15.) Judge Heidelberger reviewed the affidavit, determined probable cause existed, and issued the requested warrant. (Id.) On September 22, 2009, defendants executed the warrant, seizing at least eighty immature marijuana plants growing on plaintiff's property. (Id. at 16.) Defendants also seized various other marijuana-related contraband, including ten pounds of already cultivated marijuana. (Id.)

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

Plaintiff then filed a motion for return of the marijuana and other items seized pursuant to California Penal Code §§ 1539 and 1540 in California Superior Court for the County of Nevada. (Pl.'s Opp'n ["Opp'n"], filed Feb 24, 2011 [Docket #21], at 2:20-22.) On December 1, 2009, plaintiff and his attorney appeared before Judge Heidelberger for oral argument on the motion. (Opp'n, Ex. 1.) After the hearing, Judge Heidelberger issued a written order,[3] denying the motion for return of the marijuana. (Id.) The order explained that return of the marijuana was not warranted because plaintiff did not have legal possession. (Id.)

Plaintiff then petitioned for a writ of mandate, requesting that the appellate division of the Nevada County Superior Court vacate Judge Heidelberger's order. (Opp'n at 2:23-25.) On April 26, 2010, Superior Court Judge C. Anders Holmer issued a written tentative order on the writ. (Id.) According to the court, "the central issue [raised by the writ] was whether or not petitioner was in lawful possession of the marijuana seized." (Defs.' Mtn to Dismiss ["MTD"], filed Dec. 01, 2010 [Docket #8], Ex. 1.) The court denied the writ, holding that pursuant to relevant statutory and case law, plaintiff was not in legal possession of the marijuana. (Id.) The court adopted the tentative ruling on May 26, 2010. (Id.)

Plaintiff then filed this complaint, asserting four claims for relief: (1) unlawful detention of personal property; (2)

---

[3] While the order denied the motion for return of the marijuana and other related illegal substances, it required that certain items seized by Nevada County be returned to plaintiff. (Opp'n., Ex. A.)

declaratory relief; (3) damages for violation of equal protection rights under 42 U.S.C. § 1983; and (4) conversion of personal property against defendants. (Compl. ¶¶ 19-37.) Specifically, plaintiff contends that defendants "have illegally seized such medical marijuana through unlawful seizure, confiscation, and impoundment." (Compl. ¶ 22.) Plaintiff alleges that the seizure violated his constitutional rights by depriving him, without due process of law, of eighty immature marijuana plants that plaintiff asserts he lawfully possessed pursuant to California's Compassionate Use Act. (Compl. ¶¶ 10-16.) Finally, plaintiff alleges defendants "made unreasonable and illegal searches and seizures . . . and deprived plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution." (Compl. ¶ 11.)

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319,

4

1  322 (1972).  The court is bound to give plaintiff the benefit of
2  every reasonable inference to be drawn from the "well-pleaded"
3  allegations of the complaint.  Retail Clerks Int'l Ass'n v.
4  Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not
5  allege "'specific facts' beyond those necessary to state his
6  claim and the grounds showing entitlement to relief."  Twombly,
7  550 U.S. at 570.  "A claim has facial plausibility when the
8  plaintiff pleads factual content that allows the court to draw
9  the reasonable inference that the defendant is liable for the
10 misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

11     Nevertheless, the court "need not assume the truth of legal
12 conclusions cast in the form of factual allegations."  United
13 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
14 Cir. 1986).  While Rule 8(a) does not require detailed factual
15 allegations, "it demands more than an unadorned, the defendant-
16 unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A
17 pleading is insufficient if it offers mere "labels and
18 conclusions" or "a formulaic recitation of the elements of a
19 cause of action."  Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at
20 1950 ("Threadbare recitals of the elements of a cause of action,
21 supported by mere conclusory statements, do not suffice.").
22 Moreover, it is inappropriate to assume that the plaintiff "can
23 prove facts which it has not alleged or that the defendants have
24 violated the . . . laws in ways that have not been alleged."
25 Associated Gen. Contractors of Cal., Inc. v. Cal. State Council
26 of Carpenters, 459 U.S. 519, 526 (1983).

27     Ultimately, the court may not dismiss a complaint in which
28 the plaintiff has alleged "enough facts to state a claim to

5

relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   Collateral Estoppel**

Defendants contend that the court must dismiss plaintiff's claims[4] for unlawful detention and conversion because the Nevada County Superior Court, in two separate proceedings and two written orders, determined that plaintiff was not in lawful possession of the marijuana. ("MTD" at 4:4-5:10.) Specifically, defendants contend that the doctrine of collateral estoppel bars

---

[4] Plaintiff's claims are laid out in the complaint as follows: first cause of action: unlawful detention of personal property; second cause of action: declaratory relief; third cause of action: violation of the federal equal protection clause; sixth cause of action: conversion. (Compl. ¶¶ 19-37.) Plaintiff did not file a fourth or fifth claim.

6

1  plaintiff from re-litigating the issue of whether he was in
2  lawful possession of the marijuana, and thus, his claims for
3  unlawful detention and conversion, which require plaintiff to
4  demonstrate lawful possession, must be dismissed with prejudice.
5      State judicial proceedings receive the same full faith and
6  credit in every federal court as they would have in the courts of
7  the state in which the matter originated.  28 U.S.C. § 1783.
8  Section 1783 "directs a federal court to refer to the preclusion
9  law of the State in which judgment was rendered."  Marrese v.
10 American Assoc. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)
11 ("§ 1783 requires a federal court to look first to state
12 preclusion law in determining the preclusive effects of a state
13 court judgment").  Therefore, this court will apply California
14 law to determine whether the previous adjudications in California
15 Superior Court will preclude plaintiff from relitigating whether
16 he was in lawful possession of the marijuana.
17     In California, collateral estoppel precludes relitigation of
18 an issue previously adjudicated when the following elements are
19 satisfied:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Hernandez v. City of Pomona, 46 Cal. 4th 501, 513 (2009)
(internal citations omitted) (quoting Lucido v. Superior Court,
51 Cal. 3d 335, 341 (1990)).

Plaintiff argues that neither of the holdings by the Nevada County Superior Court can be given preclusive effect because: (1) the issue of lawful possession was not necessarily decided;[5] (2) the ruling by the magistrate on the motion for return of the property was not final and on the merits because it was a "special proceeding"; (3) the denial of the writ of mandamus was not final and on the merits because it did not result in a sufficient written decision; (4) California's public interest exception applies to preclude the application of collateral estoppel; and (5) applying collateral estoppel in this case would violate due process.

### 1. Necessarily Decided

Plaintiff contends that the Superior Court judges' rulings on the issue of lawful possession cannot have preclusive effect because it was not necessarily decided. (Opp'n at 6:2-6.) An issue is necessarily decided when two elements are satisfied: (1) the issue was *actually* decided; and (2) the determination of the issue was necessary to render a valid judgment on the merits of the underlying proceeding. See Beechwood Restorative Care Center v. Leeds, 436 F.3d 147, 153 (2d Cir. 2007).

In this case, both divisions of the Nevada County Superior Court necessarily decided the issue of lawful possession. First, the magistrate judge actually decided the issue on the motion for return of the marijuana. Indeed, the court's written order expressly provides that plaintiff was not in legal possession of

---

[5] Plaintiff does not dispute that the issue of whether he lawfully possessed the marijuana was actually litigated, that the issue is identical or that the party against whom preclusion is sought is the same as the party to the former proceeding.

the marijuana. (Opp'n, Ex. 1.) Second, the determination of lawful possession was necessary to render a final judgment on the merits of the that motion. (See Id.) The court noted that plaintiff "would be entitled to return of marijuana that was lawfully cultivated and possessed . . . [however] there is no evidence before the court to support his contention that all of the marijuana was lawfully cultivated and possessed." (Id.) Similarly, the Nevada County Superior Court, appellate division actually and necessarily decided the same issue in ruling upon plaintiff's petition for writ of mandate. The court explicitly stated: "[t]he central issue [raised by the writ was] whether or not petitioner was in lawful possession of the marijuana seized." (MTD, Ex. 1 at 15.) The Appellate Division of The Superior Court denied the petition, holding that "petitioner's possession [of marijuana] greatly exceeded the legal limit." (Id.)

Therefore, the issue whether plaintiff was in lawful possession of the marijuana at issue in this case was necessarily decided in the negative on two separate occasions.[6]

/////
/////

---

[6] Plaintiff argues that the determination of whether he lawfully possessed the marijuana was "arguably moot" because Nevada County already destroyed the marijuana, and thus, the court did not have power to return it. (Opp'n at 4:26.) First, plaintiff proffers no evidence that the marijuana was actually destroyed prior to judgment on the motion. Even if the state did not have the power to return the marijuana, however, the issue of lawful possession was necessary to the disposition of the specific motion in question. Moreover, the issue of lawful possession was the central issue to be determined on the petition for writ of mandate and was therefore essential to the disposition of that petition. Therefore, plaintiff's arguments are without merit.

### 2. Special Proceeding

Plaintiff alleges that Judge Heidelberger's ruling on plaintiff's motion for return of his property cannot be given preclusive effect because plaintiff's motion was a "special proceeding."

California courts have held that when a claim is brought in litigation following a "special proceeding" that decided a related issue, that claim is not necessarily barred by principles of res judicata. See Mata v. City of Los Angeles, 20 Cal. App. 4th 141, 149 (1993); Knickerbocker v. City of Stockton, 199 Cal. App. 3d 235, 245 (1988). In Mata, the court explained that a petition for writ of mandamus is technically a special proceeding for purposes of *claim preclusion*. Id. However, the court explained that, notwithstanding the fact that a writ petition is a special proceeding, "[t]he judgment in the mandamus proceeding was not to be ignored" for purposes of *issue preclusion*. Mata, 199 Cal. App. 3d at 245. Under the doctrine of issue preclusion, the judgment in a mandamus proceeding "operates as an estoppel or conclusive adjudication as to such *issues* in the second action that were actually litigated and determined in the first action." (Id.) (internal citations omitted) (emphasis added). Therefore, a special proceeding will have issue preclusive effect as long as the elements of collateral estoppel are met.

As set forth above, the elements of collateral estoppel have been met in this case; the precise issue of lawful possession was previously litigated and conclusively determined in favor of defendants in both the motion for return of the marijuana and the writ proceeding. Therefore, the doctrine of collateral estoppel

bars plaintiff from relitigating the issue of lawful possession in this action, regardless of whether issue was previously determined in a "special proceeding."

### 3. Written Decision

Plaintiff contends the appellate division of the Nevada County Superior Court's ruling on the writ application was not a final judgment on the merits, and thus, cannot be given preclusive effect. (Opp'n at 6:7–11.) Specifically, plaintiff argues that "unless there is a written opinion issued following the issuance of alternative writ, the denial of writ petition does not have issue preclusive effect." Id. (emphasis omitted).

The issuance of an alternative writ will not be final and on the merits, and thus will not have preclusive effect, unless there is a sufficient writing explaining the basis for the ruling. Gammoh v. City of Anaheim, 73 Cal. App. 4th 186, 196 (1999).

In this case, the appellate division of the Nevada County Superior Court issued, in writing, a reasoned tentative ruling explaining its basis for denying plaintiff's petition for writ of mandate. (See MTD, Ex. 1.) This tentative ruling specifically addressed and refuted each of plaintiff's arguments and, relying on specific statutory and case law, explained why plaintiff was not in lawful possession of the marijuana. (See MTD, Ex. 1.) ("In [Chaves v. Superior Court], as here, petitioner's possession greatly exceeded the legal limit.") That tentative ruling was later adopted as the court's final decision. (Id.) As such, the court's ruling on the petition for writ of mandamus was supported by a written order setting forth the basis for its decision.

11

1    The cases cited by plaintiff in support of his assertion
2 that the writing in this case was not sufficient are
3 distinguishable. In Gammoh, the court did not attach preclusive
4 effect to a minute order that summarily denied a writ petition
5 for a preliminary injunction without explaining the basis for the
6 ruling on the merits. Gammoh, 73 Cal. App. 4th at 195 ("We have
7 never passed on the merits of Gammoh's argument; and Gammoh has a
8 right to appeal from the final judgment in this case and receive
9 a written statement of reasons for the court's decision").
10 Similarly, in Hoverstein v. Superior Court, 74 Cal. App. 4th 636
11 (1999), the court declined to give preclusive effect to the
12 summary denial of a writ decision that was not supported by any
13 written explanation. However, unlike the facts of both Gammoh
14 and Hoverstein, in which the courts provided no basis for their
15 rulings, the appellate division in this case issued a written
16 tentative ruling that was later adopted, which adequately
17 explained its basis for denying the petition.
18    Therefore, the appellate division's determination that
19 plaintiff was not in lawful possession of the marijuana was final
20 and on the merits.
21    **4.   Public Interest Exception**
22    Plaintiff next contends that, even if the previous decisions
23 on the issue of lawful possession satisfy the elements of
24 collateral estoppel, the "public interest requires that re-
25 litigation [of the issue] not be foreclosed." (Opp'n at
26 6:25-27.) Specifically, plaintiff alleges that the public
27 interest trumps the application of collateral estoppel in this
28 case "[b]ecause the officer seizing the medical marijuana failed

12

1 to retain the property and seek a court order before its
2 destruction." (Opp'n at 8:13-15.)
3     "[W]hen the issue is a question of law rather than of fact,
4 the prior determination is not conclusive either if injustice
5 would result or if the public interest requires that relitigation
6 not be foreclosed." <u>Sacramento v. State of California</u>, 50 Cal.
7 3d 51, 64 (1990). Importantly, "[t]he public interest exception
8 is an extremely narrow one." <u>Arcadia Unified Sch. Dist. v. State
9 Dep't of Educ.</u>, 2 Cal. 4th 251, 259 (1992). Indeed, the
10 California Supreme Court has emphasized the "it is the exception,
11 not the rule, and is only to be applied in exceptional
12 circumstances." <u>Id.</u> The public interest exception will only
13 apply when the specific issue affects the public interest at
14 large. <u>See e.g.</u>, <u>id.</u> (holding that collateral estoppel does not
15 bar relitigation of the validity of a public school's statutory
16 authority to charge fees for pupil transportation); <u>Sacramento</u>,
17 50 Cal. 3d 51 (explaining that parties could relitigate whether
18 the State was required to subvent costs incurred by local
19 governments); <u>Kopp v. Fair Political Practices Comm'n</u>, 11 Cal.
20 4th 607 (1995) (finding that the exception applied to allow
21 relitigation of whether campaign financing provisions were
22 constitutional or could be rewritten to be constitutional).
23     Here, the resolution of this matter does not entail the kind
24 of broad sweeping policy matters in which courts will apply the
25 narrow public interest exception to ensure those types of salient
26 public matters receive sufficient judicial review. Rather,
27 plaintiff's claim does not implicate the interest of the public
28 at large in any regard — plaintiff's claim for conversion and

unlawful detention is a private action for damages resting on allegations that his marijuana was improperly seized.[7] Therefore, California's public interest exception does not bar the application of collateral estoppel in this case.

### 5. Due Process

Finally, plaintiff argues that the application of collateral estoppel in this case violates due process. (Opp'n at 8:16-9:5.) Specifically, plaintiff asserts: "it is clear that the plaintiff was given no notice, nor opportunity, to object to the seizure of his property by law enforcement officers."[8] (Id. at 8:26-27.)

The Due Process Clause requires notice and an opportunity for a hearing, appropriate to the nature of the case, before a person is deprived of life, liberty, or property. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Notice is required because "the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Id. at 314. The due process requirement of a hearing, does not, however, mean that in every civil case there must be a hearing on the merits. See e.g., Boddie v.

---

[7] Plaintiff alleges that the marijuana was illegally seized. However, plaintiff admits in his complaint that the Nevada County officials obtained a valid warrant prior to entering his property. (Opp'n at 2:9-12.) ("After due consideration of the affidavits and petition, the Court issued Search Warrant No. 2958 on September 14, 2009.").

[8] The court notes that whether the seizure of plaintiff's contraband was consistent with due process is irrelevant to the determination of whether the court can apply collateral estoppel to determinations by the state court regarding whether plaintiff was in lawful possession of the marijuana. Nevertheless, the court discusses due process for the sake of completeness.

14

1  Connecticut, 401 U.S. 371, 378 (1971).  It is well recognized
2  that the opportunity to be heard is one which must be granted "at
3  a meaningful time and in a meaningful manner."  Armstrong v.
4  Manzo, 380 U.S. 545, 552 (1965).
5      Here, plaintiff was provided sufficient notice and
6  opportunity to litigate the question of whether he was in lawful
7  possession of the marijuana.  First, plaintiff filed the motion
8  for return of the marijuana and was present in court, represented
9  by his attorney, during the hearing on the motion.  (See Opp'n,
10 Ex. 1.)  Second, plaintiff raised and argued the issue of lawful
11 possession of the marijuana before the appellate division of the
12 Nevada County Superior Court.  Therefore, due process concerns
13 cannot preclude the application of collateral estoppel in this
14 case.
15     Plaintiff's claims for both unlawful detention and
16 conversion require plaintiff to show that he was in lawful
17 possession of the marijuana.  Moore v. Regents of Univ. of Cal.,
18 51 Cal. 3d 120, 136 (Cal. 1990).  Since two judges in two
19 proceedings have conclusively determined that plaintiff was not
20 in lawful possession of the marijuana, he is collaterally
21 estopped from relitigating that issue in this case.  Therefore,
22 plaintiff cannot, as a matter of law, prevail on his claims for
23 unlawful detention and conversion.  Accordingly, defendants
24 motion to dismiss plaintiff's first and sixth claims is GRANTED
25 without leave to amend.
26 **B.   Section 1983**
27     Defendants contend that plaintiff's complaint fails to
28 allege facts sufficient to state a claim under Section 1983.

15

Specifically, defendants contend that plaintiff's allegation that defendants "subjected [plaintiff] to insidious discrimination with reference to various rules, codes, procedures[,] policies, ordinances, and regulations of Nevada County" is insufficient to

Plaintiff's allegations amount to the kind of "unadorned, the defendant-unlawfully-harmed-me accusation" that Federal Rule of Civil Procedure 8(a) deems insufficient to state a viable claim for relief. Iqbal, 129 S. Ct. at 1949. Without stating specifically which "policies" defendants applied to plaintiff and the manner in which those policies were "discriminatorily applied," plaintiff's complaint fails to comply with the notice pleading requirements set forth in Federal Rule of Civil Procedure 8.

Therefore, defendant's motion to dismiss plaintiff's third claim for relief is GRANTED with leave to amend.[9]

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED:

1. Defendants' motion to dismiss plaintiff's first claim for relief for unlawful detention is GRANTED without leave to amend.

---

[9] Plaintiff's second claim for declaratory relief requires a sufficient showing that he has stated a viable claim under one of his aforementioned theories of relief. Since the court grants defendants' motion to dismiss each of the underlying claims, the court does not reach the merits of plaintiff's second claim for declaratory relief. To the extent that plaintiff can amend his third claim for relief under Section 1983 to state a viable claim, plaintiff may amend his claim for declaratory relief based on that violation.

16

    2.    Defendants' motion to dismiss plaintiff's second claim for relief for declaratory relief is GRANTED with leave to amend.

    3.    Defendants' motion to dismiss plaintiff's third claim for relief for violation fo the federal Equal Protection Clause is GRANTED with leave to amend.

    4.    Defendants' motion to dismiss plaintiff's sixth claim for relief for conversion is GRANTED without leave to amend.

Plaintiff is granted fifteen (15) days from the date of this order to file an amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiffs' first amended complaint to file a response thereto.

    IT IS SO ORDERED.

DATED: March 29, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE