UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JON-CORY SCHMIDT

    Plaintiff,

  v.

COUNTY OF NEVADA; NEVADA COUNTY SHERIFF'S OFFICE; JAMES BENNETT; and DOES 1-20 inclusive,

    Defendants.

NO. 2:10-CV-3022 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of defendants County of Nevada ("Nevada County"), Nevada County Sheriff's Office (the "Sheriff's Office"), and James Bennet ("Bennett") (collectively, "defendants") to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiff Jon-Cory Schmidt ("plaintiff") opposes the motion. For the reasons set forth below, defendants' motion to dismiss is GRANTED.[1]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiff is the owner of a parcel of land located in Nevada County. According to plaintiff, he "and nine other interested parties were in lawful possession of medical cannabis recommendations issued by licensed California Physicians." (First Am. Compl. ("Am. Compl.") [Docket #25], filed Apr. 13, 2011, ¶ 14.) "Pursuant to those recommendations, they cultivated a community or collaborative garden" consisting of eighty immature marijuana plants on plaintiff's property. (Id.) Plaintiff alleges that the marijuana plants were legally cultivated in compliance with California Health & Safety Code § 11362.5 *et seq*.. (Id.)

In September 2009, defendant Bennet, a Nevada County Deputy Sheriff, filed an affidavit with Nevada County Magistrate Judge Catherine Heidelberger for purposes of obtaining a warrant to search the premises of plaintiff's home. (Id. ¶ 15.) Judge Heidelberger reviewed the affidavit, determined probable cause existed, and issued the requested warrant. (Id.) On September 22, 2009, defendants executed the warrant, seizing at least eighty immature marijuana plants growing on plaintiff's property. (Id. ¶ 16.) Defendants also seized various other marijuana-related contraband, including ten pounds of already cultivated marijuana. (Id.)

Plaintiff then filed a motion for return of the marijuana and other items seized pursuant to California Penal Code §§ 1539 and 1540 in California Superior Court for the County of Nevada. (Order [Docket #24], filed Mar. 30, 2011, at 3.) On December 1, 2009, plaintiff and his attorney appeared before Judge

Heidelberger for oral argument on the motion. (Id.) After the hearing, Judge Heidelberger issued a written order,[2] denying the motion for return of the marijuana. (Id.) The order explained that return of the marijuana was not warranted because plaintiff did not have legal possession. (Id.)

Plaintiff then petitioned for a writ of mandate, requesting that the appellate division of the Nevada County Superior Court vacate Judge Heidelberger's order. (Id.) On April 26, 2010, Superior Court Judge C. Anders Holmer issued a written tentative order on the writ. (Id.) According to the court, "the central issue [raised by the writ] was whether or not petitioner was in lawful possession of the marijuana seized." (Id.) The court denied the writ, holding that pursuant to relevant statutory and case law, plaintiff was not in legal possession of the marijuana. (Id.) The court adopted the tentative ruling on May 26, 2010. (Id.)

Plaintiff then filed his original complaint in this court, asserting four claims for relief: (1) unlawful detention of personal property; (2) declaratory relief; (3) damages for violation of equal protection rights under 42 U.S.C. § 1983; and (4) conversion of personal property against defendants. (Original Compl., filed Oct. 12, 2010 [Docket #1], ¶¶ 19-37.) Defendants moved to dismiss plaintiff's claims for unlawful detention and conversion on the grounds that the Nevada County Superior Court, in two separate proceedings and two written

---

[2] While the order denied the motion for return of the marijuana and other related illegal substances, it required that certain items seized by Nevada County be returned to plaintiff. (Order at 3.)

3

1  orders, determined that plaintiff was not in lawful possession of
2  the marijuana.  (Order at 6.)  The court found that the doctrine
3  of collateral estoppel barred the plaintiff from re-litigating
4  the issue of whether he was in lawful possession of the
5  marijuana; thus, because lawful possession was necessary to
6  prevail on plaintiff's claims for unlawful detention and
7  conversion, the court dismissed these claims without leave to
8  amend.  (Id. at 15.)  However, plaintiff was granted leave to
9  amend his claim under 42 U.S.C. § 1983.  (Id. at 16.)

10  Plaintiff subsequently filed his first amended complaint,
11 alleging that defendants' actions violated his constitutional
12 rights by depriving him of due process of law.  (Am. Compl. ¶¶
13 10-16.)  Plaintiff also alleges that defendants "unfairly[] and
14 discriminatorily" applied statutes, laws, ordinances, and
15 regulations against him in violation of the equal protection
16 clause.  (Id. ¶¶ 33-9-10).

17                              **STANDARD**

18 **A.   Subject Matter Jurisdiction**

19  Federal Rule of Civil Procedure 12(b)(1) allows a court to
20 dismiss a pleading for lack of subject matter jurisdiction.  Fed.
21 R. Civ. P. 12(b)(1).  The court has an independent obligation to
22 address *sua sponte* whether it has subject matter jurisdiction.
23 See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir.
24 2004) (citing United States v. Ceja-Prado, 333 F.3d 1046, 1049
25 (9th Cir. 2003)) ("The court has a continuing obligation to
26 assess its own subject matter jurisdiction, even if the issues is
27 neglected by the parties.").  The court presumes a lack of
28 subject matter jurisdiction until it is proved otherwise.  See

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

The plaintiff bears the burden of proof that subject matter jurisdiction exists.  See Stock W., Inc., 873 F.2d at 1225. Where the subject matter jurisdiction analysis focuses only on the allegations of the complaint, the factual allegations of the complaint are presumed to be true, and the pleading is dismissed only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  See Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  A complaint will be dismissed for lack of subject matter jurisdiction if there is no case or controversy within the meaning of that constitutional term.  Baker v. Carr, 369 U.S. 186, 198 (1962).

**B.   Failure to State a Claim**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

6

1    Ultimately, the court may not dismiss a complaint in which
2 the plaintiff has alleged "enough facts to state a claim to
3 relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949
4 (citing Twombly, 550 U.S. at 570).  Only where a plaintiff has
5 failed to "nudge [his or her] claims across the line from
6 conceivable to plausible," is the complaint properly dismissed.
7 Id. at 1952.  While the plausibility requirement is not akin to a
8 probability requirement, it demands more than "a sheer
9 possibility that a defendant has acted unlawfully."  Id. at 1949.
10 This plausibility inquiry is "a context-specific task that
11 requires the reviewing court to draw on its judicial experience
12 and common sense."  Id. at 1950.
13    In ruling upon a motion to dismiss, the court may consider
14 only the complaint, any exhibits thereto, and matters which may
15 be judicially noticed pursuant to Federal Rule of Evidence 201.
16 See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th
17 Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United
18 States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

## ANALYSIS

**A.   Claims Against Nevada County and Sheriff's Office**

21    Defendants move to dismiss plaintiffs' claims against Nevada
22 County and the Sheriff's Office on the basis that plaintiff has
23 failed to allege an official policy, practice, or custom or facts
24 supporting such an allegation.  Plaintiff wholly fails to respond
25 to defendants' argument in his opposition.
26    "[A] municipality cannot be held liable solely because it
27 employs a tortfeasor – or, in other words, a municipality cannot
28 be held liable under § 1983 on a respondent superior theory."

7

<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).  In order for a municipality to be held liable, it must have committed the constitutional violation pursuant to governmental custom or official municipal policy.  <u>Id.</u>

In this case, plaintiff's complaint is wholly bereft of any allegation that an official policy or custom was in place or that defendants acted pursuant to such an official policy or custom. Further, in the court's previous order on defendants' motion to dismiss, the court noted plaintiffs' failure to identify any particular policy or the application of that policy to defendant. The court cautioned that such failures would prevent plaintiff from withstanding a motion to dismiss for failure to state a claim.  Based upon plaintiffs failure to sufficiently allege facts to state a claim against municipalities and the failure to address this argument in his opposition, defendants' motion to dismiss all claims against Nevada County and the Sheriff's Office is GRANTED without leave to amend.[3]

**B.   Due Process Claims**

Plaintiff's complaint alleges Section 1983 claims against defendants, asserting that defendants violated plaintiff's Fourth, Fifth, Sixth,[4] and Fourteenth Amendment rights.  (Am.

---

[3] Further, the reasons set forth *infra*, plaintiff has failed to and cannot state viable claims under either the Due Process or Equal Protection clause arising from the seizure of marijuana plants in this case.  Accordingly, amendment would be futile.

[4] Both plaintiff's complaint and opposition fails to delineate how defendants' allegedly violated these rights. Accordingly, to the extent plaintiff was alleging § 1983 claims based upon these constitutional rights, such claims are dismissed.

8

Compl. ¶ 11). Specifically, plaintiff alleges due process violations[5] based on conduct by defendants relating to: (1) preclusion of plaintiff's ability to challenge the search warrant; (2) failure to file criminal charges; and (3) destruction of the seized marijuana. (Id. ¶ 33-2.) Defendants contend that plaintiff's complaint fails to allege facts sufficient to state a claim for due process violations under Section 1983.

### 1. Challenge to the Search Warrant

Plaintiff's first procedural due process claim asserts a harm based on allegations that defendants' conduct precluded "plaintiff's challenge to the search warrant application or search warrant that has been issued." (Id. ¶ 33-2a.) It is well settled that there is no constitutionally protected right to challenge the application for a search warrant before it is issued. See Perkins v. City of W. Covina, 113 F.3d 1004, 1010 (9th Cir. 1997). Further, plaintiff has alleged no facts that he was precluded from pursuing a post-deprivation remedy. Rather, the record reflects that plaintiff filed a motion for return of the marijuana and other items seized pursuant to California Penal Code §§ 1539 and 1540 in California Superior Court for the County of Nevada and subsequently filed a writ of mandate to vacate that

---

[5] Plaintiff's complaint provides that he is alleging both procedural and substantive due process violations. (Am. Compl. ¶ 33-2.) However, plaintiff's factual allegations relating to his due process claim raise purely procedural due process issues. Moreover, plaintiff fails to raise any argument relating to substantive due process violations in his opposition. Therefore, the court interprets plaintiff's silence as a non-opposition to defendants' motion to dismiss any potential substantive due process claims.

9

order.  Accordingly, plaintiff cannot state a claim arising out of any alleged preclusion to the challenge of the search warrant. Therefore, defendants' motion to dismiss this claim is GRANTED without leave to amend.

### 2. Failure to File Criminal Charges

Plaintiff further alleges that the failure to file criminal charges against him is a violation of due process.  (Am. Compl. ¶ 33-2-b.)  The county district attorney is the only county official authorized to file criminal charges against an individual.  Cal. Govt. Code §§ 26500, 26502 (West 2008). Moreover, the district attorney has absolute immunity in deciding whether to file criminal charges.  See Botello v. Gammick, 413 F.3d 971, 977 (9th Cir. 2005).  Here, the absence of criminal charges against plaintiff is not related to any action or inaction by defendants.[6]  Further, plaintiff fails to allege that he suffered harm as a result of the failure to file criminal charges.  Therefore, defendants' motion to dismiss this claim is GRANTED without leave to amend.[7]

/////
/////

---

[6] The court notes that plaintiff does not bring any claims against the county district attorney.

[7] Plaintiff also alleges a due process violation arising out of Bennett's "inducing the magistrate judge to deny the motion for the return of the medical marijuana in the absence of written opposition by the People."  (Am. Compl. ¶ 33-2-f.) Plaintiff's complaint provides neither factual allegations nor legal support regarding how the lack of written opposition by the People violated his due process rights; instead, plaintiff makes mere conclusory allegations insufficient to state a claim. Further, he fails to address these allegations in his opposition to defendants' motion to dismiss.  Therefore, defendants' motion to dismiss this claim is GRANTED without leave to amend.

10

**3.   Destruction of Marijuana and Filing of a False Inventory Report**

Plaintiff also claims due process violations based on (1) defendants' alleged destruction of the seized marijuana without a hearing and without court order; and (2) the alleged filing of a false inventory report that failed to note that the marijuana was destroyed. (Am. Compl. ¶¶ 33-2c–d, 2h.) Specifically, plaintiff alleges that defendants failed to comply with applicable California Health and Safety Code and Penal Code sections.[8]

The issue of standing is a threshold determination of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975); Steel Co. v. Citizens For A Better Env't, 523 U.S. 83 (1998). To establish the "irreducible minimum" of Article III standing, plaintiffs must demonstrate the following three elements: (1) injury-in-fact; (2) causal connection; and (3) redressability. Barnum Timber Co. v. U.S. EPA, 633 F.3d 894, 897–98 (9th Cir. 2011). To show injury-in-fact, "plaintiffs must allege 'concrete and particularized' and 'actual or imminent' harm to a legally protected interest." Id. (citations omitted).

The Supreme Court has held that no person can have a legally protected interest in contraband per se. See United States v.

---

[8] Under California law, unlawfully possessed marijuana shall be destroyed pursuant to a court order, even in a case in which no criminal charges were filed. Cal. Health & Safety Code § 11473.5 (West 2007). Further, under the California Penal Code, after an officer obtains a search warrant, the officer must return the warrant to the magistrate judge and deliver to him a written inventory of the property seized. Cal. Penal Code § 1537 (West 2011).

11

1  Jeffers, 342 U.S. 48, 53 (1951); see also Cooper v. City of
2  Greenwood, Mississippi, 904 F.2d 302, 305 (5th Cir. 1990)
3  ("Courts will not entertain a claim contesting the confiscation
4  of contraband per se because one cannot have a property right in
5  that which is not subject to legal possession.").  "An object is
6  contraband per se if its possession, without more, constitutes a
7  crime; or in other words, there is no legal purpose to which the
8  object could be put."  United States v. Harrell, 530 F.3d 1051,
9  1057 (9th Cir. 2008).  Under the federal Controlled Substances
10 Act ("CSA"), it is illegal for any private person to possess
11 marijuana.  21 U.S.C. §§ 812(c), 841(a)(1), 844(a).  Thus, under
12 federal law, marijuana is contraband per se, which means no
13 person can have a cognizable legal interest in it.  See Gonzales
14 v. Raich, 545 U.S. 1, 27 (2005) ("The CSA designates marijuana as
15 contraband for *any* purpose." (emphasis in original)).

16      "The Supremacy Clause unambiguously provides that if there
17 is any conflict between federal and state law, federal law shall
18 prevail."  Id. at 29.  While California's Compassionate Use Act
19 ("CUA") provides narrow exceptions for marijuana use involving
20 qualified patients and care givers, federal law dictates that
21 marijuana is illegal for any purpose.  Id. at 27; see also County
22 of Butte v. Superior Court of Butte County, 175 Cal. App. 4th
23 729, 743 (Cal. Ct. App. 2009) (Morrison, J., dissenting) ("[T]he
24 CUA did not and could not vest a person with a true 'right' to
25 possess marijuana in derogation of the CSA as interpreted in
26 Raich.").  Further, California courts have held that persons who
27 possess marijuana unlawfully, in violation of the CUA, retain no
28 /////

legal interest in the marijuana.  See Chavez v. Superior Court, 123 Cal. App. 4th 104, 109-11 (Cal. Ct. App. 2004).

In this case, plaintiff cannot recover damages as a result of the confiscation or destruction of marijuana because he had no cognizable property interest in the marijuana. Plaintiff asserts a due process claim under the federal Constitution in federal court, where, under federal law, marijuana is undisputably illegal and contraband per se. Furthermore, even under state law, plaintiff was not in lawful possession of the marijuana at issue; indeed, two California state courts in two written opinions held that plaintiff was not in lawful possession of the marijuana.[9] Accordingly, plaintiff had no legally protected interest in the marijuana under state or federal law at any time. As such, the complaint fails to set forth any cognizable harm to plaintiff from the alleged destruction of the marijuana[10] or the alleged failure to list it on the inventory report. Therefore, defendants' motion to dismiss this claim is GRANTED without leave to amend.[11]

---

[9] As noted, *supra*, the court has previously held that the determination of whether plaintiff was in lawful possession of the marijuana under state law was actually litigated and necessarily decided in a final judgment on the merits.

[10] Plaintiff also alleges that the destruction of the marijuana "precluded plaintiff from demonstrating he was in lawful possession of the marijuana." (Am. Compl. ¶ 33-2-e.) As set forth herein, plaintiff could not be in lawful possession of marijuana under federal law. Further, plaintiff fails to allege any facts or raise any argument regarding how the destruction of the marijuana precluded plaintiff from demonstrating he was in lawful possession under state law. Therefore, defendants' motion to dismiss this claim is GRANTED without leave to amend.

[11] Because the court finds that plaintiff has no constitutional standing to sue, it does not reach the issue of whether plaintiff would have statutory standing to sue under Cal.

13

**C.   Equal Protection Claim**

Lastly, plaintiff alleges a Section 1983 claim under the Equal Protection Clause. Specifically, plaintiff alleges that defendants violated the Equal Protection Clause by "singl[ing] out plaintiff as a potential criminal defendant" and selectively enforcing Health and Safety Code sections against him and "others similarly situated." (Id. ¶ 33-5-13.) Defendants contend that plaintiff's complaint fails to allege facts sufficient to state a claim for violation of the Equal Protection Clause under Section 1983.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amdt. 14, § 1. This is "essentially a direction that all similarly situated persons should be treated alike." City of Cleburne v. Cleburne Living Ctr., 437 U.S. 432, 439 (1985). "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923); see Williams v. Vidmar, 367 F. Supp. 2d 1265, 1270 (N.D. Cal. 2005) (noting that the Equal Protection clause "is not a source of substantive rights or liberties, but rather a right to be free

---

Health & Safety Code § 11473.5 and Cal. Penal Code § 1537.

from discrimination in statutory classifications and other governmental activity").

### 1. Destruction of the Marijuana

Plaintiff alleges that defendants unreasonably applied search and seizure statutes against him in violation of equal protection of the law. Specifically, plaintiff asserts that defendant Bennett treated plaintiff differently than other members of the adult population by destroying the marijuana without court order.

As set forth above, plaintiff had no legally protectable interest in the marijuana under either state or federal law. Based on the allegations in the complaint, defendants searched plaintiff's property and seized the marijuana pursuant to a valid search warrant. Because plaintiff had no property interest in the contraband, he suffered no injury as a result of any alleged destruction of the marijuana. See Barnum Timber Co., 633 F.3d at 897–98 (stating that without harm to a legally protected interest there is no injury-in-fact). Accordingly, defendants' motion to dismiss plaintiff's Equal Protection claim arising out of the destruction of marijuana is GRANTED without leave to amend. See Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1180 (9th Cir. 2006) (finding that a plaintiff cannot sue in federal court when there is no injury-in-fact).

/////
/////
/////
/////
/////

**2.   Discriminatory Application: Class of One[12]**

Plaintiff also alleges that state laws "pertaining to possession, cultivation, distribution, and trafficking of controlled substances" were "discriminatorily applied to plaintiff [while] other property owners [were] allowed to use and enjoy their real property without Nevada County interference." (Am. Compl. ¶ 33-10.)

When an equal protection claim is premised on unique treatment, rather than on a classification, it is a class of one claim. See N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). "In order to claim a violation of equal protection as a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." Id. Moreover, "[a] class of one plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" Id. (internal quotations omitted).

In this case, plaintiff fails to allege any facts to support intentional, discriminatory treatment by defendants that lacked a rational basis. First, defendant fails to allege facts supporting intentional conduct directed solely at him. Indeed, while at one point in the complaint he conclusorily alleges that defendants unlawfully singled him out, he later alleges that

---

[12] Equal protection claims can be divided into two categories: "protected class" claims and "class of one" claims. Based on plaintiff's complaint, it is unclear which type of claim plaintiff is asserting. For the sake of completeness, the court analyzes plaintiff's claims under both theories.

16

1  defendants violated the rights of him "and others similarly
2  situated."   (Compare Am. Compl. ¶¶ 33-8, 33-10, with Am. Compl. ¶
3  33-11.)[13]  Second, plaintiff fails to allege any facts to support
4  that any such conduct was intentional, not the result of accident
5  or random act.  Finally, plaintiff fails to allege any facts to
6  support that any such disparate treatment lacked a rational
7  basis.  Rather, defendants proffer a legitimate government
8  interest rationally related to the disparate treatment of
9  marijuana growers – namely, that marijuana is illegal under
10 federal law and only legal under state law if possession comports
11 with narrow statutory requirements.  Such an interest is
12 magnified with the amount of marijuana involved in this case.
13     Accordingly, plaintiff fails to allege an Equal Protection
14 claim as a class of one.  Further, because defendants have
15 proffered a rational basis for any differential treatment,
16 amendment would be futile.  Thus, defendant's motion to dismiss
17 plaintiff's class of one Equal Protection claim is GRANTED
18 without leave to amend.

**3.   Selective Enforcement: Protected Class**

Finally, plaintiff asserts that defendant's conduct violate the rights of plaintiff's and "others similarly situated."  (Am. Compl. ¶ 33-11.)  In his opposition, plaintiff clarifies that "others similarly situated" includes marijuana growers. (Pl.'s Opp'n [Docket #30], filed June 24, 2011, at 7) ("In short, [Bennett's] conduct deprived the plaintiff with the equal

---

[13]   As set forth, *infra*, such claims on behalf of similarly situated marijuana growers also fail as a matter of law.

17

protection of the laws treating pot farmers differently from the remainder of the adult population . . . .")

A plaintiff asserting a protected class claim "must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiff's membership in a protected class." Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (2001)).  Because marijuana growers are not a protected class, defendants need only show that their actions were rationally related to a legitimate government interest.  See Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 907 (9th Cir. 2007).

In this case, plaintiff has failed to state a claim based upon the alleged differential treatment of marijuana growers.  To the extent that plaintiff represents persons who unlawfully possess marijuana under both federal and state law, such a class is defined by its illegal activities; thus, a rational basis exists for treating this class differently than others. Alternatively, to the extent plaintiff purports to represent a class of marijuana growers who lawfully possess marijuana under state law, plaintiff has been held by two California courts in two written orders to be excluded from such a class.  Finally, to the extent such a class was treated differently, defendants have proffered a legitimate government interest to which such treatment was rationally related – namely, the narrow exception to the general illegality of the possession of marijuana under California law.

1     Accordingly, plaintiff fails to allege an Equal Protection
2 claim as a member of a protected class.  Further, because
3 defendants have proffered a rational basis for any differential
4 treatment of marijuana growers, amendment would be futile.  Thus,
5 defendant's motion to dismiss plaintiff's protected class Equal
6 Protection claim is GRANTED without leave to amend.[14]

## CONCLUSION

   For the foregoing reasons, defendants' motion to dismiss is
GRANTED without leave to amend.

   IT IS SO ORDERED.

DATED: July 19, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[14]   Plaintiff's claim for declaratory relief requires a sufficient showing that he has stated a viable claim under one of his aforementioned theories of relief.  Since the court grants defendants' motion to dismiss each of the underlying claims without leave to amend, plaintiff's claim for declaratory relief is likewise DISMISSED.

19